# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAU ROGERS,<br><br>        Plaintiff,<br><br>    vs.<br><br>S. RIVAS, et. al.,<br><br>        Defendants. | CASE NO. 07-CV-2010 W (JMA)<br><br>**ORDER:**<br><br>**1) ADOPTING REPORT AND RECOMMENDATION<br>(Doc. No. 43.)**<br><br>**2) DENYING PLAINTIFF'S MOTION TO STRIKE<br>(Doc. No. 40.)** |

On October 17, 2007, Plaintiff Esau Rogers ("Plaintiff"), a state prisoner proceeding *pro se*, commenced this action alleging various constitutional and 42 U.S.C. § 1983 claims.[1] (Doc. No. 1.) On May 10, 2010, Magistrate Judge Jan M. Adler issued a Report and Recommendation ("Report") recommending that Plaintiff's motion strike be denied. (Doc. No. 43.)

On June 10, 2010, Plaintiff filed his objections. (Doc. No. 46.) The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the Report, and **DENIES** Plaintiff's motion to strike.

---

[1] A more detailed explanation of the factual background of this case can be found in this Court's prior rulings. (See e.g. Doc. No. 32.)

## I. LEGAL STANDARD

### A. Review of Magistrate Judge's Report

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

### B. Motion to Strike

Rule 12(f) provides that a federal court may strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Chong v. State Farm Mut. Auto. Ins. Co., 428 F.Supp.2d 1136, 1139 (S.D. Cal. 2006). Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). Thus, courts generally grant a motion to strike only where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992).

## II. DISCUSSION

Plaintiff's motion seeks to strike any portion of Defendant Rivas' Answer that is "deemed moot, irrelevant, or dilatory." (Doc. No. 40 at 5, 8, 9.) Upon review,

Magistrate Judge Adler did not find anything within Rivas' pleading that warranted the requested relief. (Doc. No. 43 at 2.)

In his Objection, Plaintiff simply states that Magistrate Judge Adler erred in his interpretation. (Doc. No. 46 at 2.)  He does not, however, explain how Magistrate Judge Adler erred, nor does he specifically identify what portions of Rivas' Answer should be stricken.  The Court is unimpressed.

Moreover, having reviewed Rivas' Answer, the Court is unable to find any insufficiently pled defenses or any redundant, immaterial, impertinent or scandalous matter that would warrant striking the pleading. See FED. R. CIV. P. 12(f).

Accordingly, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report in its entirety, and **DENIES** Plaintiff's motion to strike.  (Doc. Nos. 43, 40.)

**IT IS SO ORDERED.**

DATED: July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge