FILED
2010 OCT 29 AM 9:51
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAU ROGERS, CDCR #P-54800,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>S. RIVAS, Correctional Officer, et al.,<br><br>　　　　　　　　　Defendants. | Civil Case No. 07-CV-2010 W (JMA)<br><br>**ORDER PROVIDING NOTICE TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT PURSUANT TO *KLINGELE / RAND* AND SETTING BRIEFING SCHEDULE** |

　　　　This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):[1]

　　　　Defendants have filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 55), by which they seek to have your case dismissed. If granted, a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will end your case.

　　　　Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment may be granted when there is no genuine issue of a disputed material fact—that is, if there is no real dispute about any fact that would affect the result of your

---

[1] *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted); *Rand*, 154 F.3d at 962.

case—and the party who asked for summary judgment may be entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, as provided by Rule 56(e), you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of a disputed material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you if appropriate. If summary judgment is granted, your case will be dismissed and there will be no trial.

**Conclusion and Order**

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment has been calendared for hearing on **Monday, December 27, 2010**, in Courtroom 7. Your Opposition (including any supporting documents) must be filed with the Court and served on all parties by **Monday, December 13, 2010**. If you do not wish to oppose Defendants' Motion, you should file and serve a "Notice of Non-Opposition" by that same date to let both the Court and Defendants know that the Motion is unopposed. If you do file and serve an Opposition, Defendants must file and serve their Reply to that Opposition by **Monday, December 20, 2010**.

At the time appointed for hearing, the Court will, in its discretion, consider Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as submitted on the papers, and will issue its written opinion soon thereafter. *See* Civ. Local R. 7.1(d.1). Thus, unless otherwise ordered, no appearances are required and no oral argument will be heard.

**IT IS SO ORDERED.**

DATED: October 28, 2010

_____
HON. THOMAS J. WHELAN
United States District Judge
Southern District of California