# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESAU ROGERS,<br><br>                Plaintiff,<br>  v.<br><br>S. RIVAS, et al.,<br><br>                Defendants. | CASE NO: 07-CV-2010 W (JMA)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR CERTIFICATION THAT APPEAL IS NOT TAKEN IN GOOD FAITH [DOC. 78]** |

On October 17, 2007, Plaintiff Esau Rogers, a state prisoner proceeding pro se and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983. On March 30, 2009, the Court granted in part and denied in part a motion to dismiss. On March 2, 2010, the Court again granted in part and denied in part a second motion to dismiss. Finally, on February 9, 2011, the Court granted Defendant S. Rivas' summary-judgment motion as to all remaining claims and ordered the case closed. Thereafter, Plaintiff filed a Notice of Appeal.

//
//

A district court may revoke the appellant's *in forma pauperis* status by certifying that an appeal would not be taken in "good faith." See 28 U.S.C. § 1915(a)(3). The good-faith test does not require a preliminary showing of any particular degree of merit. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue on appeal that is not plainly frivolous. Farley v. United States, 354 U.S. 521, 522-23 (1957). Thus, the request of an indigent for leave to appeal *in forma pauperis* may be denied only if the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. Ellis v. United States, 356 U.S. 674, 675 (1958) (per curiam); Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977).

An action is frivolous for purposes of § 1915 if it lacks any arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 328-30 (1989). A complaint or appeal lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted). While the facts alleged should generally be accepted as true, clearly baseless, "fanciful," "fantastic" or "delusional" factual contentions may be dismissed as frivolous under § 1915. Denton v. Hernandez, 504 U.S. 25, 32 (1992). A complaint or appeal may not, however, be dismissed as frivolous merely because the allegations are unlikely. Id. at 33.

In this case, Defendants argue that Plaintiff's appeal is "not taken in good faith because there is no factual or legal basis by which Plaintiff could prevail on appeal." (*Defs.' Ex Parte Appl.* 3:27–28.) However, Defendants fail to explain this assertion. Furthermore, Plaintiff has demonstrated that his claims have enough of a factual and legal basis to survive motions to dismiss to reach summary adjudication. Frivolous claims would not have made it that far. Though ultimately the Court ruled against Plaintiff in summary adjudication, that ruling does not suggest that an appeal lacks any legal or factual basis, or that it is frivolous. Therefore, Defendants fail to show that Plaintiff's appeal is not taken in good faith.

In light of the foregoing, the Court **DENIES** Defendants' ex parte application for certification that Plaintiff's appeal is not taken in good faith. (Doc. 78.)

**IT IS SO ORDERED.**

DATED: April 14, 2011

_____
Hon. Thomas J. Whelan
United States District Judge